UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CIV-14282-RAR

**NATHANIEL HAWTHORNE, III**,

    Plaintiff,

v.

**STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS**, *et al.*,

    Defendants.

_____/

## ORDER OF DISMISSAL

**THIS CAUSE** comes before the Court upon a *pro se* Complaint filed by a pretrial detainee bringing this action against governmental entities and governmental employees. *See* Complaint [ECF No. 1] ("Compl."). Pursuant to this Court's authority to screen the Complaint under 28 U.S.C. § 1915A, the Complaint is **DISMISSED** for failure to state a claim.

## LEGAL STANDARD

The Court "*shall* review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A (emphasis added). The term "prisoner" includes "any person incarcerated or detained in any facility who is . . . accused of [or] convicted of . . . violations of criminal law." § 1915A(c). In screening a prisoner's complaint, the Court must "dismiss the complaint[ ] or any portion of the complaint" when it is (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted," or (2) "seeks monetary relief from a defendant who is immune from such relief." § 1915A(b).

To state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level"—that is, the complaint must assert "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Under this standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient (standing alone) to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Moreover, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (cleaned up).

## ANALYSIS

Plaintiff says he "was unlawfully stopped and fronted/interrogated [sic] by Deputy Eddie San Miguel about prescription pills in [his] vehicle that belongs [sic] to Ms. Kimberly Berry." Complaint at 1.  He avers that "[p]robation officer Collins informed Deputy San Miguel" to charge Plaintiff with violating his probation "without a proper investigation." *Id.*  Deputy San Miguel, as Plaintiff sees it, is liable because he "unlawfully arrested [him]." *Id.*  Later in his Complaint, in a section titled "Basis for Jurisdiction," Plaintiff claims the State of Florida's Department of Corrections, the Parole and Probation Commission, David A. Kelsey, Jasmine Hawthorne, Collins, and Marlon Milian failed to properly investigate whether there was probable cause to stop Plaintiff or otherwise "hold a preliminary hearing" about the "condition of [Plaintiff's] license" or about the "prescription pills" *Id.* at 14.

Here, Plaintiff's "complaint contains only legal conclusions couched as factual allegations," so the Court is "not bound to accept such legal conclusions" which will not suffice to state a claim to relief. *Trujillo v. Fla.*, 481 F. App'x 598, 600 (11th Cir. 2012) (cleaned up).  Even if Plaintiff's claims did not consist purely of legal conclusions, they clearly fail to provide

"sufficient factual content" for this Court "to draw the reasonable inference that [the Defendants are] liable for the misconduct alleged." *See Crawford's Auto Ctr., Inc. v. State Farm Mut. Auto. Ins. Co.*, 945 F.3d 1150, 1158 (11th Cir. 2019) (cleaned up). In other words, at best, the Complaint "stops short of the line between possibility and plausibility of entitlement to relief" and would still fail to state a claim to relief.[1] *See. Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

## CONCLUSION

Having carefully reviewed the record and governing law, it is

**ORDERED AND ADJUDGED** that the Complaint is **DISMISSED** *without prejudice* for failure to state a claim.[2] All deadlines are **TERMINATED**, and any pending motions are **DENIED** as moot. This case is **CLOSED**.

---

[1] "A *pro se* pleading is held to a less stringent standard than a pleading drafted by an attorney and is liberally construed." *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017); *see also Torres v. Miami-Dade Cty.*, 734 F. App'x 688, 691 (11th Cir. 2018) ("Liberal construction, in more concrete terms, means that federal courts must sometimes look beyond the labels used in a *pro se* party's complaint and focus on the content and substance of the allegations."). That leniency, however, "does not give courts license to serve as de facto counsel or to rewrite an otherwise deficient pleading in order to sustain an action." *Shuler v. Ingram & Assocs.*, 441 F. App'x 712, 716 n.3 (11th Cir. 2011); *Golfin v. Sec'y, Fla. Dep't of Corr.,* 276 F. App'x 908, 908 (11th Cir. 2008) ("[W]e will not act as *de facto* counsel for a *pro se* litigant."). Indeed, *pro se* litigants "cannot simply point to some perceived or actual wrongdoing and then have the court fill in the facts to support their claim. . . . [J]udges cannot and must not 'fill in the blanks' for *pro se* litigants; they may only cut some 'linguistic slack' in what is actually pled." *Hanninen v. Fedoravitch*, No. 08-23172, 2009 WL 10668707, at *3 (S.D. Fla. Feb. 26, 2009) (C.J., Altonaga) (citation omitted). And here, liberal construction in no way "allows the court to draw the reasonable inference that" any of the defendants are liable. *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 694 (11th Cir. 2016).

[2] Of course, "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action *with prejudice*." *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) (emphasis added), *overruled on other grounds by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n.1 (11th Cir. 2002). But here, the dismissal is clearly *without* prejudice. However, if a dismissal without prejudice "has the effect of precluding [a litigant] from refiling his claim due to the running of the statute of limitations[,] the dismissal is tantamount to a dismissal with prejudice." *Justice v. United States*, 6 F.3d 1474, 1481 n.15 (11th Cir. 1993) (cleaned up). Accordingly, before dismissing a *pro se* prisoner's case without prejudice, the Court must satisfy itself that the dismissal will not preclude the prisoner from refiling his claims "due to the running of the statute of limitations." *See id.* The Court has made that determination here.

"Section 1983 claims are governed by the forum state's residual personal injury statute of limitations, which in Florida is four years." *City of Hialeah v. Rojas*, 311 F.3d 1096, 1102 n.2 (11th Cir. 2002). "[T]he statute

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 30th day of July, 2021.

_____
RODOLFO A. RUIZ II
UNITED STATES DISTRICT JUDGE

cc:	Nathaniel Hawthorne, III
	0500307001
	Highlands County Jail
	Inmate Mail/Parcels
	338 South Orange Street
	Sebring, FL 33870
	PRO SE

---

of limitations for a civil rights action begins to run from the date that the cause of action accrues, which occurs when 'the plaintiff has a complete and present cause of action' and 'can file suit and obtain relief.'" *Villalona v. Holiday Inn Express & Suites*, 824 F. App'x 942, 942 (11th Cir. 2020) (quoting *Wallace v. Kato*, 549 U.S. 384, 388 (2007)).  A "cause of action will not accrue until the plaintiff knows or should know (1) that he has suffered an injury that forms the basis of his action and (2) the identity of the person or entity that inflicted the injury." *Id.*  Because the Plaintiff says the events giving rise to his claims accrued on August 14, 2018, *see* Complaint at 5, he has about one year to file a better version of his Complaint.  Thus, this dismissal will not prejudice him.